UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                              :
DEUTSCHE BANK, etc.,                          :        CASE NO. 1:06cv143
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :        DEFAULT JUDGMENT
                                              :        [Resolving Doc. No. 12]
DEREK J. BISHOP, et al.,                       :
                                              :
            Defendants.                       :
                                              :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Deutsche Bank National Trust Company, etc.,[1] moves for default judgment and a decree

of foreclosure against the following defendants: (1)  Derek J. Bishop, (2) any unknown spouse of Derek

J. Bishop, and (3) Rodney Stevenson (collectively, the "Default Defendants"). [Doc. 12].

The plaintiff filed its lawsuit on January 20, 2006, seeking to recover on a defaulted note and

mortgage that Derek J. Bishop executed in November 2003.  The plaintiff also seeks to foreclose on the

mortgage.

Although the plaintiff properly served all defendants with copies of the complaint and summons,

none of them responded.  Due to the Default Defendants' failure to defend or otherwise appear in this

action, on March 21, 2006, the plaintiff submitted a request for entries of default.  [Doc. 7].  On March

_____

[1] The complaint identifies the plaintiff as "Deutsche Bank National Trust Company, as Trustee of Argent
Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-W5 under the Pooling & Servicing Agreement
dated March 1, 2004."

Case No. 1:06cv143
Gwin, J.

22, 2006, the Clerk of Courts entered default against Derek J. Bishop, Bishop's spouse (if any), and

Rodney Stevenson. [Doc. 11]. Also on March 22, 2006, the plaintiff filed its Motion for Default

Judgment and Decree in Foreclosure against the Default Defendants. [Doc. 12].

The plaintiff has satisfied all of the requirements for default judgment against Defendants Bishop,

Bishop's spouse (if any), and Stevenson. After considering the papers submitted in connection with the

application, the papers on file in this action, and the applicable law, the Court finds as follows:

(1) The Clerk of Courts entered default against the Default Defendants on March 22, 2006.

(2) No Default Defendant is a minor, incompetent person, or current member of the military service.

(3) The plaintiff served copies of the summons and complaint upon Defendant Bishop and his

unknown spouse (if any) on February 15, 2006, by personal delivery. Defendant Bishop and his unknown

spouse (if any) did not appear in this action, did not answer, and did not file other defenses.

(4) The plaintiff served copies of the summons and complaint upon Defendant Stevenson on

February 21, 2006, by personal delivery. Defendant Stevenson did not appear in this action, did not

answer, and did not file other defenses.

(5) The Default Defendants have made no appearance since the entry of default.

(6) As for Counts One and Two of the Complaint, the plaintiff has established that, on November

25, 2003, Derek J. Bishop executed a promissory note in favor of Argent Mortgage Company, LLC, that

the plaintiff currently owns or services (the "Note"). The Note is in default, and the plaintiff is owed a

principal balance of $79,553.93, with interest at the rate of 7.85 percent per year from August 1, 2005,

plus late charges, advances for taxes and insurance. [Doc. 12].

Case No. 1:06cv143
Gwin, J.

(7)  To secure payments due under the Note, Bishop executed and delivered to Argent Mortgage Company, LLC, the mortgage attached to the complaint as Exhibit B (the "Mortgage").  The Mortgage was recorded with the Cuyahoga County Recorder as Instrument Number 200311261523.  The Mortgage is in default.  The Mortgage is a valid and first lien upon the following property (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio and known as being Sublot No. 221 in the Union Woodhill Realty Company Subdivision of part of Original 100 Acre Lot No. 450, as shown by the recorded plat in Volume 41 of Maps, page 29 of Cuyahoga County Records, as appears by said plat.
>
> Parcel Number: 135-07-038
>
> Commonly known as: 3558 East 104th Street, Cleveland, Ohio

THEREFORE, IT IS ORDERED that default judgment is entered against the Default Defendants for the plaintiff as follows:

(1) Unless the plaintiff receives the sums found to be due above within seven days from the date of the entry of this Judgment, the equity of redemption of the Default Defendants in the Property shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the United States Marshal of the Northern District of Ohio, directing him to seize, maintain control and custody, and sell the Property at public sale on the steps of the Cuyahoga County Courthouse, Cleveland, Ohio or by other commercially feasible means, as upon execution and according to law, after having the Property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002.  The Court designates *Daily Legal News* as the appropriate newspaper in which to advertise the sale of the Property. The Marshal shall report his proceedings to this Court.

Case No. 1:06cv143
Gwin, J.

(2) The United States Marshal shall transmit to the plaintiff's counsel a copy of the publication notice promptly upon its first publication.  If the United States Marshal returns an unexecuted Order of Sale, subsequent Orders of Sale shall issue according to the Court's instructions.

IT IS FURTHER ORDERED that the additional rights and responsibilities of the parties shall be as follows:

(1)  The United States Marshal or his or her representative is authorized to have free access to the Property and to take all actions necessary to seize, maintain control and custody, and sell the Property.

(2)  Derek J. Bishop, or anyone else occupying the Property with the permission of Derek J. Bishop, shall vacate the Property, taking with them their personal property within 30 days from the date that this order is entered (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). Also within 30 days from the entry of this order, the Default Defendants are ordered to turn over all keys (including duplicates) to the Property to the U.S. Marshal, located at 801 West Superior Avenue, Cleveland, OH 44113-1830.  If any person occupying the Property fails or refuses to leave and vacate the realty by the time specified herein, the U.S. Marshal and his deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejection of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining in or on the Property thereafter is deemed forfeited and abandoned, and the Marshal and his deputies are authorized to remove it and dispose of it in any manner the Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied under the same guidelines as described herein for the proceeds of the sale of the Property.

-4-

Case No. 1:06cv143
Gwin, J.

(3)  Until he vacates the Property, Derek J. Bishop shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on the Property) in its current condition.  Until the Property is sold, Derek J. Bishop shall not commit waste against the Property, nor shall they cause or permit anyone else to do so.

(4) Once the Property is vacated, the plaintiff shall take whatever steps are necessary to preserve and maintain the realty, including retaining a locksmith or other person to change or install locks or other security devices on any part of the realty and insuring that no plumbing pipes and/or fixtures freeze and/or burst, until the deed to the realty is delivered to the ultimate purchaser.

(5)  The purchaser of the Property is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

(6)  As the holder of the first lien (other than real estate taxes), the plaintiff is authorized to credit bid at the foreclosure sale the amount it is owed under this Judgment.  Since the plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the United

States Marshal's sale, the plaintiff shall not be required to make a deposit at the time of sale.

IT IS FURTHER ORDERED that the United States Marshal, upon confirmation of said sale, shall distribute the proceeds of the sale in the following order of priority:

(1)  To the United States Marshal, for his or her fees and to satisfy all costs incurred by the Marshal incident to the seizure, custody, control, advertising, and sale of the Property.

(2)  To the Treasurer of Cuyahoga County, for taxes and assessments due and payable as of the date of transfer of the Property after the sale.

-5-

Case No. 1:06cv143
Gwin, J.

(3) To the plaintiff Deutsche Bank National Trust Company, etc., the sum of $79,553.93, with interest at the rate of 7.85 percent per annum from August 1, 2005, together with late charges, plus advances, if any, the plaintiff made to protect its interest in the Property, plus costs and expenses the plaintiff incurred to enforce its rights under the Note and Mortgage.

(4)  The balance of the sale proceeds, if any, shall be held by the United States Marshal to await further orders of distribution by this Court.

(5) The plaintiff shall pay any balance of all the Marshal's costs due and owing, and real estate taxes due and payable, when they are determined.

(6) Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, the plaintiff shall file a certified copy of the order with the Cuyahoga County Recorder.  The plaintiff shall direct the Cuyahoga County Recorder to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

Default judgment as specified above is entered against the Default Defendants for the plaintiff.  All relief not expressly granted is denied.  The Court retains jurisdiction over this matter to enforce the terms of this judgment.

IT IS SO ORDERED.


Dated: April 13, 2006                          s/        *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE